UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SOUTHERN PILOT INSURANCE COMPANY, )<br>　　*Plaintiff*, )<br> )<br>　　*vs.* )<br> )<br>MATTHEWS AUTO REPAIR, INC., )<br>　　*Defendant.* ) | 1:17-cv-01207-JMS-DML |

## **ORDER**

Plaintiff Southern Pilot Insurance Company has filed a Complaint in which it alleges that this Court has diversity jurisdiction over this matter. The Court notes the following issues with Plaintiff's jurisdictional allegations:

- Plaintiff alleges that it is "a corporation incorporated under the laws of the State of Wisconsin, with its principal place of business in New York, New York," but does not specify whether it is a mutual insurance company. This is significant because the citizenship of a mutual insurance company turns on the corporate form it is considered to be by applicable state law. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988) (noting that Texas law rendered Texas mutual insurance company an unincorporated association while Minnesota law rendered Minnesota mutual insurance company a corporation). Plaintiff must allege whether or not it is a mutual insurance company, and set forth its citizenship accordingly.

- Plaintiff does not properly allege the amount in controversy. The amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The "exclusive of interest and costs" language must be included in the amount in controversy allegation.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply

by stipulating that it exists.  See *Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Plaintiff to file an Amended Complaint by **April 25, 2017**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction.  Defendant need not answer or otherwise respond to the Complaint at which this Order is directed.  Defendant is cautioned, however, that when it does respond to the Amended Complaint, and to the extent that it denies any of Plaintiff's jurisdictional allegations or states that it does not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date:  April 18, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**